IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THE VILLAGE AT DEER CREEK HOMEOWNERS ASSOCIATION, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE AUTOMOBILE INSURANCE COMPANY, et al., <br><br> Defendants. | Case No. 4:11-cv-339-NKL |

**ORDER**

On April 1, 2011, Defendants State Automobile Insurance Company ("State Auto") and Mid-Continent Casualty Company ("MCC") filed a timely notice to remove this case pursuant to 28 U.S.C. §§ 1332, 1441, 1446. [Doc. # 1]. Pending before the Court is Plaintiffs' Motion to Remand claiming that the Court lacks subject-matter jurisdiction because there is not complete diversity. [Doc. # 4]. Also pending before the Court is MCC's Motion to Sever and to Transfer Venue or, in the Alternative to Stay [Doc. # 7]. For the following reasons, the Court grants Plaintiffs' Motion to Remand and denies MCC's motion.

**I.    Background**

The following facts and procedural background are taken from Plaintiffs' Complaint [Doc. # 1-1], which was filed in the Circuit Court of Jackson County, Plaintiff's Motion to

1

Remand [Doc. # 4], and Defendants' Suggestions in Opposition to Plaintiff's Motion to Remand [Doc. # 9], and are assumed true for purposes of this motion to remand.

Plaintiffs are the Village at Deer Creek Homeowner's Association, Inc. ("the association"), its individual homeowners, and Greater Midwest Builders, Inc. ("GMB").

In 2007, the association and homeowner plaintiffs (collectively, "the VADC plaintiffs") sued GMB in the District Court of Johnson County, Kansas for property damage to their homes. At the time of the property damage, GMB had insurance policies with both State Auto and MCC. Based on those policies, GMB demanded from State Auto and MCC a legal defense and indemnification for any judgement entered in the Kansas state lawsuit. In February 2009, MCC filed a declaratory judgment action against GMB in the United States District Court for the District of Kansas to determine whether it had a duty to indemnify GMB. *Mid-Continent Casualty Company v. Greater Midwest Builders, Ltd.*, No. 2:09-CV-2066 (D. Kan.) [Doc. # 8-3]. That action was stayed in October 2009, pending the resolution of the Kansas state lawsuit.

On February 10, 2011, a verdict was entered against GMB in the underlying lawsuit, awarding the VADC plaintiffs over $7 million. On February 16, 2011, the VADC plaintiffs filed a petition for equitable garnishment against State Auto, MCC, and GMB in the Circuit Court of Jackson County, Missouri. State Auto removed the action to this Court on March 4, 201, with the consent of MCC. On March 10, 2011, the VADC plaintiffs filed a notice of voluntary dismissal in this Court, and on March 23, 2011, filed a second garnishment action against State Auto and MCC in Jackson County Circuit

2

Court. In the second petition, GMB is a plaintiff instead of a defendant. GMB alleges that State Auto and MCC improperly handled its insurance claims. State Auto filed a timely notice of removal with MCC's consent, and the second garnishment action was removed to this Court on April 1, 2011.

Defendants argue that removal was proper under 28 U.S.C. §§ 1332, 1441, and 1446 because the matter in controversy exceeds $75,000 and there is complete diversity. Defendants assert complete diversity exists because State Auto is incorporated in Ohio with Ohio as its principal place of business, MCC is incorporated in Ohio with Oklahoma as its principal place of business, and all of the Plaintiffs are residents of either Kansas or Missouri. In its pending Motion to Remand, Plaintiffs argue that complete diversity does not exist because their Complaint involves a direct action by the VADC plaintiffs against State Auto and MCC pursuant to Mo. Rev. Stat. § 379.200. Therefore the Defendants are deemed to be citizens of Missouri under 28 U.S.C. §1332(c)(1) destroying complete diversity.

MCC has also moved, pursuant to 28 U.S.C. § 1404(a), to sever and to transfer venue or, in the alternative, to stay. In its motion, MCC argues that transferring Plaintiffs' claims to the District of Kansas would better serve the interests of justice because MCC first filed its declaratory judgment against GMB there, that action remains pending and it raises the same insurance coverage issue presently before this Court. MCC also states that all of the underlying events and the judgment sought to be enforced arose in Kansas. Therefore the insurance coverage issue should be resolved in Kansas. Alternatively, MCC requests that

the Court stay this action until the federal court in Kansas rules on motions pending before it.

## II. Discussion

Defendants, who seek removal and oppose remand, bear the burden of establishing federal jurisdiction. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). A district court is required to resolve all doubts about federal jurisdiction in favor of remand. *See id.* at 183; *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). Whether a civil action is removable and has been properly removed is a question reserved for federal courts and is not controlled by state law. *Hayes v. Pharmacists Mut. Ins. Co.*, 276 F. Supp. 2d 985, 988 (W.D. Mo. 2003); *Randolph v. Empl'rs Mut. Liab. Ins. Co. of Wis.*, 260 F.2d 461, 463-64 (8th Cir. 1958).

At issue is whether an equitable garnishment proceeding under Mo. Rev. Stat. § 379.200 constitutes a "direct action" within the meaning of 28 U.S.C. § 1332, which provides in relevant part:

> (c) For the purposes of this section and section 1441 of this title--
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen*, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1) (emphasis added).

Section 379.200 of the Missouri Revised Statutes provides in pertinent part:

> Upon the recovery of a final judgment against any person, firm or corporation by any person . . . for loss or damage . . . to property if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company, person, firm or association . . . and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment.

Mo. Rev. Stat. § 379.200.

Defendants argue that Congress intended that a direct action under 28 U.S.C. § 1332(c)(1) is one where an injured plaintiff proceeds against an insurance company without first obtaining judgment against the insured. Because § 379.200 requires that an injured plaintiff first recover a final judgment against the insured before proceeding in equity against the insurer for satisfaction of the judgment, the pending case is not a "direct action" within the meaning of § 1332(c)(1) and therefore diversity does exist.

In support, Defendants cite to *Hayes v. Pharmacists Mut. Ins. Co.*, 276 F. Supp. 2d 985 (W.D. Mo. 2003). The court in *Hayes* found that a traditional garnishment proceeding brought under chapter 525 of the Missouri Revised Statutes was not a direct action within the meaning of 28 U.S.C. § 1332(c)(1). Although the garnishment proceeding in *Hayes* was not brought under § 379.200, Defendants argue that the *Hayes* court intended to include § 379.200 actions in its holding because it stated: "Hayes is not suing the insurer in order to establish Courtney's liability to her; [Hayes] established Courtney's liability in a proceeding against Courtney. In this proceeding, Hayes does not

5

litigate any claim she has against Courtney, but only claims she has against his insurer," *Id* at 987. According to Defendants, this reasoning of the *Hayes* order applies equally to any type of garnishment action in Missouri.

The Court finds that *Hayes* is inapplicable here because that court's analysis was confined to chapter 525 garnishment and is thus not on point for the specific issue of equitable garnishment under § 379.200. *See Johnston v. Sweany*, 68 S.W.3d 398, 403 (Mo. 2002) ("There are two avenues for a judgment creditor to collect money from an insurance company: (1) a traditional garnishment under section 525.240 and Rule 90 or (2) a direct action against the insurer authorized by section 379.200."); *Lancaster v. Am. and Foreign Ins. Co.*, 272 F.3d 1059, 1066 (8th Cir. 2001) (characterizing a § 379.200 action as a distinct remedy from a claim brought under Missouri's traditional garnishment provisions in chapter 525).

Federal courts in Missouri have consistently referred to § 379.200 suits as "direct actions" under § 1332(c). *See e.g.*, *Kendall v. N. Assurance Co. of Am.*, No. 09-0539-CV-W-GAF, 2009 WL 2632757, at *2 (W.D. Mo. 2009) (finding that a defendant was considered a Missouri resident for purposes of plaintiff's § 379.200 claim as the case was a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1)); *Grissom v. Welker*, No. 1:10 CV 144 RWS, 2011 WL 845285, at *2 (E.D. Mo. 2011) (action brought under section 379.000 is considered a "direct action," whereas an ordinary garnishment action under chapter 525 is not); *Monroe v. Roedder*, 583 F. Supp. 2d 1031, 1033 n.3 (E.D. Mo. 2008) (same); *Dobbs v. Nat'l Cas. Co.*, No. 4:10CV1731RWS, 2011

6

WL 768400, at *2 (E.D. Mo. 2011) (An equitable garnishment action brought under § 379.200 is a "direct action" against an insurer for purposes of 28 U.S.C. § 1332(c)(1)).

In *Prendergast v. Alliance Gen. Ins. Co.*, 921 F. Supp. 653, 655 (E.D. Mo. 1996), the court found that § 379.200 is a "direct action" under § 1332(c) and reasoned that policy considerations counseled in favor of its decision:

> The defendant insurance company . . . is not being sued for any action it took against the plaintiffs, but is simply being sued in an attempt to collect a judgment that has already been entered against its insured, a Missouri citizen. . . . Missouri's equitable garnishment statute essentially does in two steps what the Louisiana statute that lead [sic] to the change in § 1332(c)(1) did in one step, and provides to the suing plaintiff the same remedy that a direct action against the insurance company would have provided, were that allowed under Missouri law. Therefore the Court holds that the insurance company is deemed a citizen of the state of Missouri for purposes of this suit. Because a citizen of Missouri is a defendant in this suit, the case is not removable.

*Prendergast*, 921 F. Supp. at 655. This conclusion is also consistent with the plain wording of 28 U.S.C. § 1332(c)(1). Further, all doubts about federal jurisdiction must be resolved in favor of remand.

In light of the clear analysis and holdings from federal courts in Missouri which have dealt specifically with Mo. Rev. Stat. § 379.200, the Court finds that an action under Mo. Rev. Stat. § 379.200 is a "direct action," within the meaning of 28 U.S.C. § 1332(c)(1). As such, Defendants are deemed Missouri citizens, rendering incomplete diversity among the parties.

## III. Conclusion

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' Motion to Remand [Doc. # 4] is GRANTED. MCC's Motion to Sever and Transfer, or, in the Alternative, to Stay [Doc. # 7] is DENIED as moot.

                                                              s/ NANETTE K. LAUGHREY
                                                              NANETTE K. LAUGHREY
                                                              United States District Judge

Dated:   July 8,2 011
Jefferson City, Missouri